[Crim. No. 4352. First Dist., Div. Three. Dec. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN H. SMITH, Defendant and Appellant.

John H. Smith, in pro. per., and C. H. Collier, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant, having been convicted of robbery, makes several points which can be considered briefly with whatever statement of facts is required under the separate points, and without recitation of the long story related by the witnesses. Appellant's contentions and our decisions are:

1. That the information did not state that the robbery was committed with a deadly weapon, but the verdict was of first degree. The information was sufficient and it was for the jury to determine the degree. (*People* v. *Kent*, 90 Cal.App.2d 77 [202 P.2d 376].)

2. That the evidence is insufficient to show use of a deadly weapon. The victim testified that defendant stuck a knife on his neck, that he did not see it, but felt the point. There was no objection to the answer that the object was a knife, that it was a conclusion, if conclusion it really was. The knife could be found to be a deadly weapon, without regard to its size, from the manner of its use. (*People* v. *Bennett*, 208 Cal.App.2d 317, 320 [25 Cal.Rptr. 257]; *People* v. *Raleigh*, 128 Cal.App. 105, 108-109 [16 P.2d 752].)

3. That evidence was insufficient to show that appellant was the one who took the victim's wallet. There is direct testimony by the victim that appellant took his wallet; and a

later statement that he did not remember who took what may well have referred only to other items then being discussed.

■ 4. That there is no evidence of asportation of the wallet because it was not found, either on appellant's person when he was arrested, or anywhere else. It is sufficient asportation if the wallet were removed, as the victim testified, from his person. (*People* v. *Navarro*, 212 Cal.App.2d 299 [27 Cal.Rptr. 716]; *People* v. *Salcido*, 186 Cal.App.2d 684 [9 Cal.Rptr. 57].)

■ 5. That the evidence is insufficient to show that appellant was able to form the specific intent to steal, because of intoxication. The arresting officers testified he was sober, at a time about fifty minutes after the property was taken by force. There was conflict. The jury resolved it.

■ 6. That a nail clipper was erroneously admitted in evidence, because the victim did not testify that it was taken from him. There was no objection. The money was the important item, anyway.

■ 7. That leading questions were allowed. Appellant's counsel made four objections at trial. Three were sustained; the fourth referred to a trivial matter.

■ 8. That the court's comment, "You felt a knife? Very well," showed approval of the testimony. This is a commonplace remark, and no objection or motion to strike or to instruct the jury was made.

Judgment affirmed. Appeal from order denying new trial dismissed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 26, 1964.