[No. B220588. Second Dist., Div. One. Jan. 24, 2011.]

In re BRANDON T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRANDON T., Defendant and Appellant.

COUNSEL

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan Sullivan Pithey and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHANEY, J.**—The juvenile court sustained a petition under Welfare and Institutions Code section 602,[1] finding true the felony charge that minor Brandon T. committed the crime of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1). The court declared Brandon to be a ward of the court and ordered him to be placed at home on probation. Brandon appeals from the adjudication/disposition order.

Brandon's counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. On March 11, 2010, we advised Brandon that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to Brandon immediately. We received no response.

After reviewing the record, we asked the parties to brief the following issues: (1) whether the juvenile court failed to exercise its discretion to determine if the adjudicated offense was a felony or a misdemeanor and whether a remand is required for the court to make an express finding on the record; (2) whether there is sufficient evidence demonstrating that the knife that was used in this case, which was described in the record as a "butter knife," is properly characterized as a "deadly weapon" within the meaning of Penal Code section 245, subdivision (a)(1); and (3) whether we may affirm the adjudication as a simple assault under Penal Code section 240 if we conclude there is insufficient evidence that Brandon committed an assault with a deadly weapon. We attached to our letter to the parties a copy of People's exhibit No. 1, a photo of the knife.[2] Each party submitted a brief.

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] A copy of People's exhibit No. 1 is attached to this opinion. We have redacted from the exhibit all identifying information other than Brandon's first name and last initial.

We conclude there is insufficient evidence demonstrating that Brandon committed assault with a deadly weapon because he did not use the knife in a manner capable of producing and likely to produce death or great bodily injury. We affirm the adjudication as a simple assault, a misdemeanor offense, and remand the matter for a new disposition hearing.

## BACKGROUND

On July 13, 2009, a petition under section 602 was filed, alleging that 15-year-old Brandon committed the crime of assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a)(1). Brandon denied the petition, and a contested adjudication hearing was held.

At the hearing, the victim, Deon H., testified about the assault which occurred on the campus of his high school on May 11, 2009. About 12:00 p.m., 30 minutes before the assault, Deon and Brandon argued during class. Another student in their class had indicated that he did not want to read. Deon asked the student if he knew how to read. According to Deon, Brandon thought Deon "was being rude." Brandon told Deon he "needed to shut up and stop talking about people." Each told the other to be quiet as they argued back and forth. Then Brandon said, " 'You can fight me outside.' " The two young men left the classroom and went outside, but the teacher told them to return. They did not fight.

Deon left the classroom to go to the bathroom. About 12:30 p.m., he was walking on campus, returning from the bathroom, when Brandon approached him from behind and put an arm around his throat. Two other males also approached from behind. They pulled Deon down to the ground and held him down by his arms. Deon was on the ground facing up. Brandon stood over Deon with a knife. Deon recalled that the knife was "long," "had a blue tip on the end," and had "little ridges on both sides." Deon identified the knife Brandon used as the knife shown in a photo that was admitted into evidence as People's exhibit No. 1.

Brandon did not say anything as he stood over Deon. He touched the knife to Deon's cheek and throat. He moved the knife up and down the side of Deon's left cheek "in a slashing motion." Brandon tried two times to cut Deon's face with the knife. Then he tried to cut Deon's throat with the knife, but the handle of the knife "broke off." Deon testified: "He [(Brandon)] was trying to cut, but it wouldn't cut. So it was just making, like, welts. So then that's when the knife broke." When the handle of the knife broke off, Brandon and the other two males ran away.

Deon found the knife blade on the ground. He did not find the handle that had broken off.[3] He picked up the blade and took it to the dean's office at the high school. He reported the assault to a school police officer and turned over the knife blade.

Officer Lucio Reyes also testified at the hearing. He is the school police officer to whom Deon reported the incident. Officer Reyes observed "a small scratch to the left side of [Deon's] face" in the cheek area. The dean of students at the school "handed [Officer Reyes] a butter knife," which Deon had turned in. Deon told the officer it was the knife Brandon had used. Officer Reyes identified the knife blade as the one shown in People's exhibit No. 1.

The juvenile court sustained the petition, declared Brandon to be a ward of the court pursuant to section 602 and ordered him to be placed at home on probation. After reviewing with Brandon the conditions of his probation, the court stated, "Count 1 is a felony."[4]

## DISCUSSION

In his supplemental opening brief, Brandon contends that the "prosecutor presented insufficient evidence to support a finding that the knife Brandon used constituted a deadly weapon." We agree.

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond reasonable doubt. [Citation.] The federal standard of review is to the same effect: Under principles of federal

---

[3] People's exhibit No. 1 is a photo of the knife blade without the handle, which apparently was not recovered.

[4] Assault with a firearm is a so-called "wobbler" offense, punishable as either a felony or a misdemeanor. (Pen. Code, § 245, subd. (a)(2).) Welfare and Institutions Code section 702 provides, in pertinent part, that "[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The rule implementing section 702 states that "[i]f the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony." (Cal. Rules of Court, rule 5.790(a)(1); see also Cal. Rules of Court, rule 5.780(e)(5).) As set forth above, we asked the parties to address in their supplemental briefing whether the juvenile court failed to exercise its discretion to determine if the adjudicated offense was a felony or a misdemeanor. In light of our disposition that Brandon committed simple assault, a misdemeanor offense, we need not decide this issue.

due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence. [Citation.] ' "Although it is the duty of the [trier of fact] to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the [trier of fact], not the appellate court[,] which must be convinced of the defendant's guilt beyond a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' [Citations.]" ' [Citation.]" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618].)

■ In *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028–1029 [68 Cal.Rptr.2d 655, 945 P.2d 1204], the California Supreme Court articulated the standard for determining whether an object or instrument is a deadly weapon within the meaning of Penal Code section 245, the charging statute in this case: "As used in section 245, subdivision (a)(1), a 'deadly weapon' is 'any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury.' [Citation.] Some few objects, such as dirks and blackjacks, have been held to be deadly weapons as a matter of law; the ordinary use for which they are designed establishes their character as such. [Citation.] Other objects, while not deadly per se, may be used, under certain circumstances, in a manner likely to produce death or great bodily injury. In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue. [Citations.]"

As reflected in People's exhibit No. 1, the blade of the knife Brandon used is about three and a quarter inches long, with a rounded end and slight serrations on one side. The parties agree that this "butter knife" is not a deadly weapon as a matter of law. The inquiry, therefore, in determining if the knife constitutes a deadly weapon is whether Brandon used it " 'in such a manner as to be capable of producing and likely to produce, death or great bodily injury.' " (*People v. Aguilar, supra*, 16 Cal.4th at pp. 1028–1029.) Applying this standard, we conclude the record does not contain sufficient evidence that Brandon used a deadly weapon in the commission of the assault on Deon.

According to Deon, Brandon took the knife and tried to cut Deon's cheek and throat. Brandon moved his arm up and down, applying a slashing motion on Deon's cheek. Deon testified that, despite Brandon's efforts, the knife would not cut: "He [(Brandon)] was trying to cut, but it wouldn't cut. So it was just making, like, welts." The officer who spoke with Deon after the incident observed "a small scratch" on his cheek. There is no evidence that the knife drew blood.

■ The butter knife certainly did not produce great bodily injury, which is a "significant or substantial injury." (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1087 [130 Cal.Rptr.2d 717] [broomstick and plastic vacuum attachment used to strike victim, causing bruising to arms, shoulders and back, not used in manner capable of producing, and likely to produce, death or great bodily injury].) We are mindful of the fact that a conviction for assault with a deadly weapon does not require proof of an injury or even physical contact. Nonetheless, "if injuries result, the extent of such injuries and their location are relevant facts for consideration" in determining whether an object or instrument was used in a manner likely to produce death or great bodily injury. (*Id.* at p. 1086.) The evidence shows that Brandon's use of the knife on Deon's cheek and throat resulted in a small scratch on Deon's cheek.

The question remains whether the butter knife, as used, was *capable* of producing death or great bodily injury. If Brandon had tried a bit harder, could he have killed or significantly injured Deon's cheek or throat?[5] The evidence demonstrates that the answer is no. The knife broke. The pressure that Brandon applied was not enough to cause death or great bodily injury to Deon. Yet it was too much pressure for the knife to bear, and the handle broke off. Brandon did not attempt to use the broken knife (just the blade without the handle).

The cases the People rely on in support of their position the butter knife is a deadly weapon are distinguishable. In both cases, the robbery victim felt a pointy object touch his neck, and the appellate court concluded there was sufficient evidence the object was a deadly weapon. (*People v. Smith* (1963) 223 Cal.App.2d 431, 432 [36 Cal.Rptr. 165] (*Smith*); *People v. Page* (2004) 123 Cal.App.4th 1466, 1469, 1472 [20 Cal.Rptr.3d 857] (*Page*).) In *Smith*, it was a knife. (*Smith, supra,* 223 Cal.App.2d at p. 432.) In *Page*, it was " 'a sharp[,] pointy' " pencil. (*Page, supra,* 123 Cal.App.4th at p. 1469.) Neither defendant actually attempted to push the pointy object into the victim's neck.

■ There can be no doubt that a pointed object aimed at the victim's neck is capable of producing death or great bodily injury. The butter knife

---

[5] There is no evidence that Brandon intended to use or actually did use the knife in any manner other than attempting to cut Deon's cheek and throat. For example, there is no evidence that Brandon had any intent to poke Deon in the eye with the knife.

used in this case, however, had a rounded end, not a pointed one. Brandon applied force, but the knife did not penetrate through the layers of Deon's skin; sufficient force was used, however, to cause the butter knife to break during use. Although Deon perceived that Brandon was trying repeatedly to cut him, the knife failed and was not capable of use as obviously intended.

■  The adjudication for assault with a deadly weapon cannot stand because it is not supported by sufficient evidence. We asked the parties to address in their supplemental briefing whether we may affirm the adjudication as a simple assault under Penal Code section 240, a misdemeanor. The parties agree that this is the appropriate disposition in the event we conclude there is insufficient evidence of assault with a deadly weapon. Misdemeanor assault is a necessarily included offense of assault with a deadly weapon. (*People v. Beasley, supra,* 105 Cal.App.4th at p. 1088 ["Rather than reversing Beasley's convictions [for assault with a deadly weapon based on insufficient evidence of use of a deadly weapon], we modify the judgment to reflect conviction of the necessarily included offense of misdemeanor assault in violation of Penal Code section 240."].) The parties also conclude that we should remand the matter for a new disposition hearing, and we agree.

## DISPOSITION

The adjudication order is modified to reflect a true finding on the lesser included offense of simple assault, a violation of Penal Code section 240. As so modified, the adjudication order is affirmed. The disposition order is reversed, and the matter is remanded for a new disposition hearing and order.

Mallano, P. J., and Johnson, J., concurred.