Filed 11/5/13  In re Vanessa P. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re VANESSA P., <br><br> a Person Coming Under the Juvenile Court Law. | B246242 <br><br> (Los Angeles County <br> Super. Ct. No. GJ28582) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> VANESSA P., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin Miller Sloan, Judge.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Vanessa P. appeals from an order placing her on probation without wardship after the juvenile court found she had committed misdemeanor battery (Pen. Code, § 243, subd. (e)(1)) and sustained a petition under Welfare and Institutions Code section 602. She contends the evidence is insufficient to support the finding. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of October 18, 2010, Glendale Police Department Officer Alex Rolando received a radio call regarding an assault at a park at 820 East Maple Street. When he arrived at the park, he spoke to Jessica O. He noticed some swelling and redness on Jessica's face below her left eye. After speaking with Jessica, Officer Rolando telephoned Vanessa and asked her to come to the park. Vanessa, whom Officer Rolando described as "rather petite," arrived and told the officer that she and Jessica had previously been involved in a year-long relationship and had broken up a month earlier.[1] After they broke up, Jessica had been telephoning Vanessa, calling her names and saying she wished Vanessa would die. Vanessa told Officer Rolando that she and Jessica got into an argument at the park. Her "emotions got the best of her," and she struck Jessica in the face.

Officer Rolando placed Vanessa under arrest. At the police station, Vanessa said she felt bad about hitting Jessica and never intended to hurt her.

Vanessa testified that Jessica called her five or six times "throughout the day," and at one point Jessica, who was about two inches taller and 25 pounds heavier than Vanessa, went to Vanessa's house at 2:00 a.m. with a friend to fight Vanessa. On the day of the incident, Jessica was at the park with some friends and telephoned Vanessa.

---

[1] Vanessa testified that she and Jessica had been "together for about 2 years almost and we broke up about a month before the incident."

Provoked by the friends' comments, Vanessa went to the park, intending to speak to Jessica alone and tell her to stop calling her. When Vanessa arrived, she asked Jessica why she kept calling her when she had told Jessica to stop. Jessica laughed, and one of her friends walked up and threatened to hit Vanessa. Jessica stepped between them and pushed the friend away. Jessica then took a couple of steps towards Vanessa, until she was about three or four feet away. Believing Jessica was going to hit her, Vanessa hit Jessica first.

After her arrest, Vanessa expressed remorse for having hit Jessica and said "she felt bad for striking her." They were still friends at the time of the hearing.

The juvenile court found that, even if Vanessa's testimony were credible, "it legally doesn't rise to the nature of self-defense." The court acknowledged that Vanessa now realized her action was inappropriate but stated that there still had to be "consequences for behavior." The court found true the battery allegation, sustained the petition, and placed Vanessa on six months of probation under certain terms and conditions. Vanessa timely appealed. (See *In re Do Kyung K.* (2001) 88 Cal.App.4th 583, 587-590 [juvenile may appeal order placing him or her on probation without wardship pursuant to Welfare and Institutions Code section 725, subdivision (a)].)

### DISCUSSION

A.    *Standard of Review*

"The same standard governs our review of the sufficiency of evidence in juvenile cases as in adult criminal cases: '[W]e review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence

3

of every fact the jury could reasonably have deduced from the evidence. [Citation.] "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" [Citation.] A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict.'" (*In re Christopher F.* (2011) 194 Cal.App.4th 462, 471, fn. 6, quoting *People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *In re George T.* (2004) 33 Cal.4th 620, 630-631; *In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1495-1496.)

B.     *The Juvenile Court's Finding Vanessa Committed Battery Is Supported By Substantial Evidence*

Penal Code section 243, subdivision (e)(1), makes it a crime to commit a battery against a person with whom the defendant previously had a dating relationship. "A battery is any willful and unlawful use of force or violence upon the person of another." (*Id.*, § 242.) Any "'harmful or offensive touching constitutes an unlawful use of force or violence' and thus a battery . . . ." (*People v. Pinholster* (1992) 1 Cal.4th 865, 961, disapproved on another ground in *People v. Williams* (2010) 49 Cal.4th 405, 459; see *People v. Moore* (2011) 51 Cal.4th 1104, 1136; *James v. State of California* (2013) 219 Cal.App.4th 1265, 1270.) Vanessa does not challenge the finding that she struck Jessica in the face, but contends that she acted in self-defense.

"[A] defendant acts in lawful self-defense if 'one, the defendant reasonably believed that he [or she] was in imminent danger of suffering bodily injury . . . or was in imminent danger of being touched unlawfully; two, the defendant reasonably believed that the immediate use of force was necessary to defend against that danger; and three, the defendant used no more force than was reasonably necessary to defend himself [or herself] against that danger.'" (*People v. Clark* (2011) 201 Cal.App.4th 235, 250,

4

quoting CALCRIM No. 3470.) "[T]he defendant must actually and reasonably believe in the need to defend" (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1082; see *People v. Battle* (2011) 198 Cal.App.4th 50, 72), and must have acted in actual fear of imminent danger to life or great bodily injury (*People v. Stitely* (2005) 35 Cal.4th 514, 551). The defense "'is limited to the use of such force as is reasonable under the circumstances.'" (*People v. Minifie* (1996) 13 Cal.4th 1055, 1065.) The People have the burden to prove beyond a reasonable doubt the defendant's use of force was not in lawful self-defense. (*People v. Tully* (2012) 54 Cal.4th 952, 1028; CALCRIM Nos. 960, 3470.)

Substantial evidence supports the juvenile court's finding that Vanessa committed battery and did not act in self-defense. Vanessa went to the park in order to confront Jessica. Vanessa challenged Jessica about the harassment and struck her in anger while they were arguing. Although Vanessa testified that she hit Jessica because she thought Jessica was going to hit her first, there is substantial evidence to support the juvenile court's finding that Vanessa did not actually and reasonably believe that an attack was imminent. Jessica had already pushed away the friend who had threatened to hit Vanessa. Moreover, while Vanessa testified that Jessica took a couple of steps toward Vanessa, she acknowledged that Jessica stopped three or four feet away. At that point, there was no imminent danger that Jessica would hit Vanessa. Finally, Vanessa admitted to Officer Rolando that her "emotions got the best of her," and she never told the officer that she felt threatened.

Vanessa's argument that the evidence shows she acted in self-defense is essentially a request that we reweigh the evidence and substitute our judgment for that of the trier of fact. This is not the function of a reviewing court. (See *People v. Gonzales and Soliz* (2011) 52 Cal.4th 254, 295; *People v. Xiong* (2013) 215 Cal.App.4th 1259, 1268.)

## DISPOSITION

The order is affirmed.

SEGAL, J.*

We concur:

PERLUSS, P. J.

ZELON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.