Filed 6/29/16  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KENNEDY NGUYEN,<br><br>    Defendant and Appellant. | G051805<br><br>(Super. Ct. No. 13WF1381)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted Kennedy Nguyen of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4) [counts 1 and 3]; all statutory references are to the Penal Code unless otherwise noted), and misdemeanor battery (§ 242 [count 2]). Nguyen contends there is insufficient evidence to sustain the assault convictions, and the trial court abused its discretion by declining to reduce one of the assault convictions to a misdemeanor (§ 17, subd. (d)). For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of May 8, 2013, Robert Varela was walking across the street when a gray Honda pulled up and a passenger rapidly fired several paintball rounds from close range. The projectiles struck Varela's nose, head, hand, and back, breaking the skin and causing his nose to bleed. He experienced intense pain and believed he had been shot with a firearm. Varela, who suffered from muscular dystrophy, tried to flee, but fell down. The car returned and fired more rounds, striking him in the back and stomach. Varela was terrified, and told a police officer, "Please don't let me die. Don't let them come back and kill me." Varela complained of pain on several parts of his body, and had orange paint on his hand and the back of his shirt. An ambulance transported Varela to the hospital, where he received treatment for welts and bruising to his hands, head, hip, and ring finger, and the open wound on his nose. At the time of trial, he still had a scar on his face from the shot that struck him in the nose.

Officers located the Honda, which Nguyen drove. They found a paintball gun with wet orange paint and paraphernalia under the front passenger seat. Passenger David Nguyen's (David) cell phone contained a text message to Nguyen from earlier in the day reading, "Let's go paint ball."

Nguyen testified, and denied abetting the paintball assault. He claimed he and his friends fired the gun in David's backyard. Later, they went to get food, and a

2

second passenger, Sang Ngo, fired at Varela without warning. Nguyen told Sang he acted stupidly, and Sang laughed. Nguyen drove back to check on Varela and Sang fired again. Sang's actions shocked him. He "got spooked" and briefly attempted to elude the police vehicle. He lied there was no paintball gun in the car to protect his friend.

At trial in December 2014, a jury convicted Nguyen as noted above. In March 2015, the court denied Nguyen's motion to reduce one of the aggravated assault convictions to a misdemeanor. The court suspended imposition of sentence and placed Nguyen on probation on various terms and conditions, including 365 days in county jail.

II

DISCUSSION

A. *Substantial Evidence Supports Convictions for Assault By Means of Force Likely To Produce Great Bodily Injury*

Nguyen contends the evidence did not establish the firing of the paintball gun was done with force likely to produce great bodily injury.[1] For the reasons expressed below, we disagree.

The test for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578 (*Johnson*).) The reviewing court reviews the whole record and evidence in the light most favorable to the judgment below and determines whether the record contains substantial evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (*Johnson, supra,* at p. 562.) The evidence must be of

---

[1] The trial court advised the jury during deliberations counts 1 and 2 occurred when Sang fired the paintball gun the first time, which resulted in Varela's bloody nose and swollen finger. Count 3 occurred when Sang fired on the return trip.

3

ponderable legal significance, reasonable in nature, credible and of solid value. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Bassett* (1968) 69 Cal.2d 122, 139 [that circumstances might also be reasonably reconciled with a finding of not guilty does not warrant a reversal of the judgment].)

Section 245, subdivision (a)(4), provides: "Any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year . . . ." The term "great bodily injury" is defined as an "injury which is significant or substantial, not insignificant, trivial or moderate." (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066; see *People v. McDaniel* (2008) 159 Cal.App.4th 736, 748.) The circumstances must be likely to produce significant or substantial injury; physical contact and actual injury is not required to support a conviction. (*People v. Brown* (2012) 210 Cal.App.4th 1, 7 (*Brown*).) "[L]ikely" means probable or more probable than not. (*People v. Russell* (2005) 129 Cal.App.4th 776, 787; see *People v. Wilson* (2006) 138 Cal.App.4th 1197, 1204 [a serious and well-founded risk of great bodily harm or death].) Where injuries do result, their nature is relevant in determining whether the force was likely to produce great bodily injury. (*Brown, supra,* 210 Cal.App.4th at p. 7.)

Nguyen cites trial counsel's argument describing a paintball as a nickel-sized circular object with a soft gelatin outer shell designed to splatter when it hits something. Nguyen asserts paintball weapons are designed and intended for firing at other individuals in a recreational setting. He complains there was "there was no testimony whatsoever as to the capability of a paintball gun being used in a manner and with such force that great bodily injury would result. Moreover, it is unlikely that a paintball gun is capable of inflicting great bodily injury when the ordinary use for which it is designed is essentially recreational."

4

Here, there was nothing recreational about firing paintballs at someone with muscular dystrophy and who lacked protective eye gear or clothing. Nguyen drove up close to Varela, stopped his vehicle, and Nguyen's passenger fired at Varela's head and body. The paintballs struck Varela in the face, causing a bloody nose, broken skin, welts, and bruising, and left him with a scar. As the Attorney General notes, the shots could have inflicted even more serious harm had the shots hit Varela in the eye or other vulnerable areas. The fact the jury determined Varela did not in fact suffer serious bodily injury is not determinative. Substantial evidence supports the jury's conclusion Nguyen aided and abetted assaults by means of force likely to produce great bodily injury. (Cf. *People v. Duke* (1985) 174 Cal.App.3d 296, 303 [headlock that did not cut off the victim's breathing and resulted only in a laceration to one earlobe was insufficient evidence of force likely to produce great bodily injury]; *In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1497 [act of rubbing a dull butter knife across the neck of the victim that did not break the skin and resulted in only a "'small scratch'" did not constitute sufficient evidence of force likely to produce great bodily injury].)

B. *The Trial Court Did Not Abuse Its Discretion in Denying Nguyen's Motion to Reduce the Felony Conviction to a Misdemeanor*

Nguyen moved at the sentencing hearing to reduce the count 3 conviction, based on the second assault, to a misdemeanor under section 17, subdivision (b). He relied in part on a letter one of the jurors sent to the court reflecting the juror was surprised to learn the jury convicted Nguyen of two felonies, and did not "believe that was the intention of the jury." The juror remarked several jurors reluctantly concluded Nguyen's conduct constituted a felony, and jurors felt the second assault was a continuation of the first. The juror asked the court for consideration of these concerns in determining punishment.

The court denied the motion stating "the second attack . . . was far worse than the first one" because Nguyen circled back to shoot and while it was "possible that

5

at the beginning of opening fire on the individual, perhaps, perhaps the shooter was unaware that the individual was disabled, it's possible. But thereafter, the guy is unable to get away and he is crying out and they circle around and shoot again, that seems to be incredibly cruel, and I think at that point it was quite apparent that he couldn't get away. He obviously had some problems and yet, the second attack occurred. They were completely separate, and so they should be separately charged."

Section 17, subdivision (b) (§ 17(b)), provides that "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . , it is a misdemeanor for all purposes under the following circumstances: (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170; . . . (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974 [§ 17(b) authorizes reduction of a felony misdemeanor wobbler offense after imposition of a punishment other than state prison or by a declaration of misdemeanor after a grant of probation].) Factors relevant to the sentencing decision include the nature and circumstances of the offense, the defendant's appreciation and attitude toward the offense, and his traits of character as evidenced by his behavior and demeanor at trial. (*Id.* at p. 978; *People v. Park* (2013) 56 Cal.4th 782, 790 [§ 17(b) contemplates the imposition of misdemeanor punishment for a wobbler in cases where rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon].) An appellate court reviews a trial court's decision under section 17(b) for an abuse of abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, -373-374.) An abuse of discretion occurs where the trial court's

"decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

Nguyen argues the juror's letter suggested the possibility of an erroneous verdict on the second felony assault charge and "required some additional inquiry by the court and/or counsel of that juror, and potentially the other jurors, to determine the basis underlying the verdicts. If the jury's intention was to convict appellant of only one felony, then count 3 should have been reduced to a misdemeanor." He also asserts there was no evidence Nguyen or his accomplices were aware of Varela's disability, and he questions the trial court's assessment the second attack as far worse than the first one and "incredibly cruel." He suggests Nguyen might have concluded Varela simply tripped and fell and remained in the area and cried out "in an effort to evoke sympathy from the occupants of that vehicle and avoid any further confrontation with them."

The juror's letter describing subjective reasoning processes of the jurors may not be considered to undermine the verdict. (Evid. Code, § 1150; *People v. Hutchinson* (1969) 71 Cal.2d 342, 349.) After the clerk read the verdicts, the jury responded "Yes" when asked if the reading accurately reflected their verdicts. Concerning the trial court's assessment of the crime, Nguyen drove back to the scene of the initial attack to allow his passenger to shoot at Varela a second time. Varela cried out for help as he struggled to get up from the ground. Even if Nguyen was not aware Varela suffered from a disability, it was clear Varela was vulnerable and in distress. We discern no abuse of discretion in the trial court's denial of Nguyen's motion to reduce his conviction to a misdemeanor.

### III

#### DISPOSITION

The judgment is affirmed.

ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.