Filed 2/28/24  In re E.Y. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.Y., a Person Coming Under the Juvenile Court Law. | B325891 |
| | (Los Angeles County Superior Ct. No. MJ25112) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| E.Y., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Yaroslavsky, Judge. Affirmed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General.

\* \* \* \* \* \*

Minor E.Y. (minor) appeals from an order of the juvenile court that he committed a felony, claiming it was error by the court not to make an explicit declaration that the offense would be characterized as a felony rather than as a misdemeanor. We find any error harmless and affirm.

## FACTUAL BACKGROUND

While performing his duties, a maintenance worker was approached and followed by minor in a manner that concerned the worker. Eventually, the worker asked minor to leave and warned the police would be called. In response, minor grabbed a box cutter from the worker's golf cart-type vehicle, extended the blade, and threatened the worker by lunging at him and chasing him around the cart. Minor ran off, the worker contacted police and identified minor as the person who attacked him.

A petition was filed under Welfare and Institutions Code section 602,[1] alleging minor, a 15-year-old, committed assault

---

[1] Welfare and Institutions Code section 602, subdivision (a), states: "[A]ny minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the

with a deadly weapon, a box cutter, in violation of Penal Code section 245, subdivision (a)(1).[2] At the jurisdictional hearing, the juvenile court sustained the petition and declared minor a ward of the court, finding the offense was a felony.

Minor filed a timely notice of appeal.

## CONTENTIONS ON APPEAL

Minor contends the juvenile court erred by failing to make a formal declaration under section 702 that his offense was a felony.

## DISCUSSION

### I.    Applicable law

"If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (§ 702.) The court is required to make an "explicit declaration" whether a so-called wobbler offense is a felony or a misdemeanor. (*In re Manzy W.* (1997) 14 Cal.4th 1199,

juvenile court, which may adjudge the minor to be a ward of the court."

Undesignated statutory references are to the Welfare and Institutions Code, unless otherwise noted.

[2]    Penal Code section 245, subdivision (a)(1), states: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment."

1204 (*Manzy W.*).) "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Id.* at p. 1208.)

Remand, however, is not automatic when the court fails to make the formal declaration under section 702. (*Manzy W., supra*, 14 Cal.4th at p. 1209.) When the record in a given case shows the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of the wobbler, failure to literally comply with the statute is harmless error and remand would be redundant. (*Ibid.*)

## II.    Any error was harmless

Minor was charged with violating Penal Code section 245, subdivision (a), punishable as either a felony or a misdemeanor, and was thus subject to Welfare and Institutions Code section 702. (*In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1495, fn. 4.) Here the trial court declared the offense to be a felony at the conclusion of the hearing when it sustained the petition, saying, "In count 1, a felony, the evidence does establish beyond a reasonable doubt . . . that the minor did act with a deadly weapon other than a firearm . . . ," and adding that minor's act of chasing the worker with the box cutter "by nature would directly and probably result in the application of force to someone." Defense counsel then asked the court to reduce minor's offense to a misdemeanor under Penal Code section 17, subdivision (b).[3] The

---

[3]     Penal Code section 17, subdivision (b)(5) authorizes a court, at or before the preliminary hearing, to determine that a wobbler is a misdemeanor.

court considered and denied the request "based on the nature of the assault in this case."

When the court considers reducing an offense from a felony to a misdemeanor, it reflects the court's understanding that the offense is a wobbler (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 93), as courts do not have the authority to reduce straight felonies to misdemeanors. Only wobblers can be reduced. (*Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683.)

*In re Raymundo M.* illustrates that addressing the issue of a wobbler in a motion to reduce the offense under Penal Code section 17 suffices to demonstrate the court's awareness of and exercise of discretion on the issue. (*In re Raymundo M., supra*, 52 Cal.App.5th at p. 93.) Here, as in *Raymundo M.*, and unlike in *Manzy W.*, the record demonstrates the juvenile court complied with the declaration requirement under section 702. (*In re Raymundo M., supra*, 52 Cal.App.5th at p. 90.) First, the petition alleged minor committed assault with a deadly weapon, which was listed as a "felony." In addition, at the jurisdictional hearing, the court acknowledged on the record that the true finding was a "felony."

Moreover, as *Raymundo M.* provided, "[e]ven more fundamentally, the fact the court was considering reducing the assault count to a misdemeanor *at all* reflects the court's understanding that the offense was a wobbler." (*In re Raymundo M., supra*, 52 Cal.App.5th at p. 93.) Here, defense counsel asked the court to reduce the count to a misdemeanor. The court indicated that it "considered" the request, but denied it based upon minor's actions during the assault. Thus, the court

was aware the offense was a wobbler and properly exercised its discretion when it declared the offense a felony.

Accordingly, the juvenile court here *did* declare the offense to be a felony. Because the court complied with the declaration requirement under section 702, remand is unnecessary.

It is noteworthy that the May 31, 2019 minute order states: "The offense is declared to be a felony."

Even if the juvenile court's statements were insufficient to meet the declaration requirement of section 702, remand is not required because the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense in count 1 as a misdemeanor and declined to exercise that discretion. (See *Manzy W., supra*, 14 Cal.4th at p. 1209.)

Because the court was aware of its sentencing discretion, any error in failing to explicitly state its finding that the offense was a felony is harmless and remand is unnecessary.

## DISPOSITION

The juvenile court's order is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
ASHMANN-GERST, J.

6