Filed 11/6/24  In re A.V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.V.,<br><br>Defendant and Appellant. | F087257<br><br>(Super. Ct. No. 20CEJ600369-3A)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Virna L. Santos, Judge.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

The juvenile court sustained a juvenile wardship petition under Welfare and Institutions Code section 602[1] alleging A.V. committed assault with a firearm (Pen. Code, § 245, subd. (a)(2)).  A.V. was adjudged a ward and placed under the supervision of the probation department.

On appeal, A.V. argues the matter must be remanded because the juvenile court failed to expressly declare whether the sole wobbler offense was found to be a felony or a misdemeanor.  The People concede the court failed to make an express declaration as to its choice to treat the offense as a felony or misdemeanor but argue remand is unwarranted because the error was harmless.

We reverse the dispositional order and remand the matter for the juvenile court to expressly declare whether the offense is a misdemeanor or felony.

## PROCEDURAL SUMMARY

On April 13, 2023, the Fresno County District Attorney filed a juvenile wardship petition under section 602 alleging A.V. committed felony assault with a firearm (Pen. Code, § 245, subd. (a)(2)) on an "unknown" person.

A.V. denied the allegation and the matter proceeded to a contested jurisdictional hearing.  The juvenile court found the allegation to be true and sustained the petition.  The probation officer filed a report indicating the petition was found true as a felony and identifying the potential period of confinement as four years.

At the disposition hearing on October 16, 2023, the juvenile court adjudged A.V. a ward and placed him under the supervision of the probation department until October 16, 2024.[2]  The minute order from the disposition hearing indicates the offense is a felony.  The court ordered A.V. committed for 15 days in the juvenile justice center, 50 hours of

---

[1]    Further undesignated statutory references are to the Welfare and Institutions Code.

[2]    Initially, the juvenile court inadvertently stated at the hearing that A.V. would be under supervision until October 17, 2024, but later clarified the end date is October 16, 2024.

2.

community service and 60 days on a GPS monitoring program, as well as certain programs under the direction of the probation department.

## FACTUAL SUMMARY

On January 27, 2023, J.R. was outside his house in Orange Cove playing ball with his five-year-old sister. A gray car with a black bumper and the windows up drove by J.R's house. The same car drove by again in the other direction with the windows down and music playing. A.V. was in the car's front passenger seat. J.R. knows A.V. but his family does not like A.V. J.R. heard someone in the car say, "f[***] mutts."[3] J.R. then saw A.V. flash a handgun with his right hand out the car window two houses down. J.R. thought the gun looked like one he had seen in video games. The gun was not pointed at anybody but was flailing around. J.R. was afraid when he saw the gun.

J.R. went inside his house and told his mother what happened. J.R.'s mother reported the incident to the Orange Cove Police Department. Officer Andres Barragan interviewed J.R. and his mother that day. Barragan initially spoke with J.R.'s mother but then redirected the interview to J.R. upon determining he was the witness. Barragan interviewed J.R. while other family members were present. Barragan also viewed video surveillance from J.R.'s house that was recorded at the time of the incident. The video showed a gray car driving by the house but did not show anyone waving an arm out the car or who was in the car.

On the following day, January 28, 2023, Orange Cove Police Sergeant Jose Puga observed a gray car matching the description of the car related to the "brandishing call" at J.R.'s house. Puga saw A.V. in the car's front passenger seat while driving by on Park Boulevard and Number Six in Orange Cove. Puga flipped his patrol car around, turned on his lights and conducted a traffic stop on the gray car. The car made a right-hand turn

---

[3]     J.R. initially testified he heard someone in the car say something like, "what's up ese." On the prosecutor's prompting, J.R. confirmed he heard someone say, "f[***] mutts."

3.

and then pulled over. While Puga was on the radio advising dispatch of the stop, A.V. exited the car. Puga knew A.V. from prior contacts. Puga told A.V. to get back inside the car but A.V. fled. Puga advised Barragan, his partner, of the location A.V. was heading. Puga ordered the other occupants of the car to get out, searched the occupants, and put them in the patrol car. Barragan pursued and apprehended A.V. A.V. did not have a gun or ammunition on him when he was detained. Puga conducted a search of the gray car and found a ghost gun in the trunk. The gun was a Glock-looking semiautomatic handgun.

## DISCUSSION

A.V. argues the juvenile court failed to make an express declaration as to whether the offense was a felony or misdemeanor, and the matter must be remanded to correct this error. A.V. contends: (1) an express finding was required by the court when the offense is a wobbler; (2) the court failed to make an express and unambiguous finding as to the sole count; and (3) the issue should not be considered forfeited.

"A wobbler is a crime that can be punished as either a felony or a misdemeanor." (*In re G.C.* (2020) 8 Cal.5th 1119, 1122, fn. 1 (*G.C.*).) A wobbler determined to be a felony is punishable by a term in state imprisonment while a wobbler determined to be a misdemeanor is punishable by imprisonment in county jail and/or by a fine. (*People v. Park* (2013) 56 Cal.4th 782, 789; Pen. Code, § 17, subd. (b).) "When a minor is found to have committed a so-called 'wobbler' offense, the juvenile court 'shall declare the offense to be a misdemeanor or felony.' " (*G.C.*, at p. 1122, fn. omitted; § 702.) "Section 702's purpose is twofold. First, it helps determine the length of any present or future confinement for a wobbler offense. [Citation.] Second, it 'ensur[es] that the juvenile court is aware of, and actually exercises, its discretion under … section 702.' " (*G.C.*, at p. 1125.)

"The language of [section 702] is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of

4.

an adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*), superseded by statute on another ground as stated in *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; *G.C.*, *supra*, 8 Cal.5th at p. 1125 ["section 702's requirement is 'obligatory' "]; Cal. Rules of Court, rule 5.780(e)(5) ["the court must … expressly declare on the record that it has made such consideration, and must state its determination as to whether the offense is a misdemeanor or a felony"].)  "To comply with section 702, the juvenile court must ' "state at any of the hearings" ' that it was exercising its discretion to treat the offense as a felony." (*In re F.M.* (2023) 14 Cal.5th 701, 709 (*F.M.*).)  "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Manzy W.*, at p. 1208; *G.C.*, at p. 1125 ["It is not sufficient that the offenses were identified as felonies in the wardship petitions and in the minute order of the jurisdictional hearing, or that they were treated as felonies for purposes of calculating the maximum term of confinement."].)

Remand is not automatic whenever the juvenile court fails to make an express declaration on its determination of how to treat a wobbler.  (*F.M.*, *supra*, 14 Cal.5th at p. 709.)  "Where the record shows that 'the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler,' remand 'would be merely redundant,' and 'failure to comply with the statute would amount to harmless error.' " (*Ibid.*)  "The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor .…" (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)

The crime of assault with a firearm is a wobbler because it is punishable as either a felony or misdemeanor.  (Pen. Code, § 245, subd. (a)(2); *In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1495, fn. 4.)  "Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two,

5.

three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment." (Pen. Code, § 245, subd. (a)(2).)

Nothing in the record shows the juvenile court made an express declaration on whether the sole charge of assault with a firearm alleged against A.V. was determined to be a misdemeanor or felony. (See, e.g., *In re Ricky H.* (1981) 30 Cal.3d 176, 191, superseded by statute on another ground as stated in *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1396.) While the section 602 petition described the offense as a felony, "the preparation of a petition is in the hands of the prosecutor, not the court. The mere specification in the petition of an alternative felony/misdemeanor offense as a felony has been held insufficient to show that the court made the decision and finding required by section 702." (*Ricky H.*, at p. 191.)

The People concede the juvenile court failed to make an express declaration on whether the offense was treated as a felony or misdemeanor but argue the signed minute order shows the sole charge was designated as a felony. The minute order form for the disposition hearing states in relevant part: "Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows …." The sole count was identified as "PC 245(a)(2)" with the box for felony checked.

We are not persuaded. In *Ricky H.*, the minutes of the dispositional hearing similarly characterized the minor's assault as a felony, but the Supreme Court found remand was still necessary for the court to determine the character of the offense. (*In re Ricky H.*, *supra*, 30 Cal.3d at p. 191.) As held in *Manzy W.*, the minute order is not a substitute for an express declaration by the juvenile court. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208.) Similarly, the probation officer's report "setting … a felony-level maximum

period of confinement [for the assault is] inadequate to comply with the mandate of section 702." (*Ricky H.*, at p. 191; *Manzy W.*, at p. 1208.)[4]

The People further argue the juvenile court's explanation at the jurisdictional hearing of what the prosecution was required to prove shows the court exercised its discretion to designate the offense as a felony. The People rely on the following statement by the court: "Regarding the -3A to prove Count 1 alleging that on or about January 27, 2023, [A.V.] committed the offense of assault with a firearm in violation of Penal Code section 245[, subdivision] (a)(2), a felony. The People had to prove that the minor applied force to a person. The People were not required to prove that the minor actually touched somebody or the minor intended to use force against someone when he acted. [¶] The People also had to prove beyond a reasonable doubt that the minor, [A.V.], used a firearm in committing the assault."

This contention is equally unpersuasive. The required showing to prove A.V. committed assault with a firearm was the same whether the offense was characterized as a felony or misdemeanor. The juvenile court's discussion of the requisite showing to prove the offense as alleged in the petition is not plausibly construed as an explicit declaration of its determination to treat the offense as a felony. Furthermore, "the fact that a juvenile court behaves as though the offense is a felony does not show that the court made a conscious choice to treat the offense as a felony or as a misdemeanor .…" (*F.M.*, *supra*, 14 Cal.5th at p. 709.) The court may have treated the offense like a felony because a wobbler offense charged as a felony is generally treated as a felony up to judgment. (*People v. Banks* (1959) 53 Cal.2d 370, 381, superseded by statute on another ground as stated in *People v. Park*, *supra*, 56 Cal.4th at pp. 791–793.)

As explained by our Supreme Court, "[a] juvenile court's choice to classify a

---

[4]	The probation officer's report correctly stated the triad periods of confinement for felony assault with a firearm as two, three or four years, but then identified the maximum period of confinement as three years.

wobbler as a misdemeanor or felony can have significant implications for the juvenile. If an offense is treated as a felony, it may constitute a serious or violent felony for purposes of the 'Three Strikes' law, potentially exposing the juvenile to dramatically increased sentences if he or she reoffends. (Pen. Code, § 667.) If the juvenile court treats the offense as a misdemeanor, the conviction will not qualify as a 'strike' in any future prosecution." (*F.M.*, *supra*, 14 Cal.5th at p. 705.) A.V. reached the age of maturity while this appeal was pending. If he commits further crimes as an adult, the current offense may count as a strike if characterized as a felony. (Pen. Code, § 1192.7, subd. (c)(31) [assault with a firearm listed as a serious felony].) Based on this record and given the potential consequences to A.V., we will not speculate the juvenile court was aware of and exercised its discretion to treat the wobbler as a felony. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1210 [remand required where it would be mere speculation the court was actually aware of its discretion].)

Because the record as a whole does not establish the juvenile court was aware of and exercised its discretion to treat the assault as a felony, we reverse the dispositional order and remand for the court to expressly declare whether the wobbler committed by A.V. is a misdemeanor or felony.[5]

## DISPOSITION

The dispositional order is reversed and the matter remanded for the limited purpose of an express declaration by the juvenile court on whether the assault with a firearm committed by A.V. was a misdemeanor or felony under section 702.

---

[5]    The People do not argue the issue of the juvenile court's compliance with section 702 was forfeited, and we therefore need not and do not address the issue of forfeiture.