Filed 1/30/25  P. v. Rosberg CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>AARON ROSBERG,<br><br>      Defendant and Appellant. | A167186<br><br>(San Francisco City & County Super. Ct. Nos. CT21011497 & SCN234743) |

**MEMORANDUM OPINION**[1]

After a jury convicted Aaron Rosberg of assault with force likely to commit great bodily injury (§ 245, subd. (a)(4)), he was sentenced to two years' probation.  In this appeal, he argues there is insufficient evidence to support the jury's finding that the force Rosberg used was, in fact, likely to cause great bodily injury.  We disagree and therefore affirm the judgment.

" 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence — that is, evidence that is reasonable, credible, and of solid value — from which

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  All statutory references are to the Penal Code.

a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.' " (*People v. Medellin* (2020) 45 Cal.App.5th 519, 526–527.)

Section 245, subdivision (a)(4), provides for the punishment of "[a]ny person who commits an assault upon the person of another by any means of force likely to produce great bodily injury." " 'Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate.' [Citation.] 'Likely' has not been defined precisely," but our Supreme Court in *In re B.M.* (2018) 6 Cal.5th 528, 534, cited "dictionary definitions such as 'probable' and 'very probable' " in rejecting the "argument that 'likely' merely means 'possible.' " (*People v. Drayton* (2019) 42 Cal.App.5th 612, 614, 618.)

Here, the assault transpired at a bus stop, where the 81-year-old victim had turned his back on Rosberg. According to the victim's testimony, as he was walking away from Rosberg, the victim felt he "was being shoved and [then] fell" before fainting. The force of the shove felt "like some force that came from behind and above" him. It was "[p]retty forceful." Immediately after the shove, witnesses saw the victim lying on a concrete sidewalk. From this evidence, a jury could reasonably infer that Rosberg had pushed the victim from behind, with enough force to cause the victim to fall down and forward, ultimately losing consciousness. A second reasonable inference from these facts is that shoving the 81-year-old victim was, under the

circumstances, likely to send him falling forward onto the concrete sidewalk. And the jury — who was able to see the victim in person, less than nine months after the assault — could reasonably draw the third inference that the victim would probably suffer great bodily injury from such a fall.

Finally, we reject Rosberg's comparisons of his case to *In re B.M.* (2018) 6 Cal.5th 528, *In re Brandon T.* (2011) 191 Cal.App.4th 1491, and *In re Beasley* (2003) 105 Cal.App.4th 1078. None of these cases involved circumstances materially analogous to those in the instant case, where Rosberg, coming from behind, applied force to an unsuspecting elderly man who, as a result, was likely to fall down and forward onto an extremely hard surface.[2]

In sum, substantial evidence supports the verdict.

### DISPOSITION

We affirm.

---

[2] Cf. *People v. Russell* (2005) 129 Cal.App.4th 776, 788: "In the present case it is not necessarily the force of appellant's push, so long as it was sufficient to propel [the victim] into the street when [a certain] car was approaching. It is the injury-producing potential of the moving automobile that supplies the likelihood of great bodily injury or worse."

SIMONDS, J.*

We concur:

BROWN, P. J.
STREETER, J.

*People v. Rosberg (A167186)*

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4